**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO.** 3:23-CV-449-DJH

AUSTIN ALEXANDER                                                      PLAINTIFF

v.

HEIGHTS FINANCE CORPORATION                                          DEFENDANT

---

**NOTICE OF REMOVAL**

---

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1441 and 1446, Defendant, Heights Finance Corporation ("HFC"), hereby gives notice of the removal of the above-styled civil action from the Hardin (Kentucky) Circuit Court, where it is now pending as Case No. 23-CI-01077, to the United States District Court for the Western District of Kentucky. As grounds for removal, HFC states the following:

**ALLEGATIONS IN THE COMPLAINT**

1.      On July, 25, 2023, Plaintiff, Austin Alexander, filed a Class Action Complaint ("Complaint") in the Hardin (Kentucky) Circuit Court, in the civil action styled as *Austin Alexander v. Heights Finance Corporation*, Case No. 23-CI-01077.

2.      The Complaint contains claims seeking relief on behalf of a putative class for alleged violations of the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 et seq; alleged violation of Kentucky's consumer loan statutes, KRS 286.4-410 et seq; and unjust enrichment. (Complaint at ¶ 1)

3.      Plaintiff maintains that HFC charged him and others similarly situated premiums for credit life insurance policies that exceeded the maximum allowable premium

1

provided for by KRS 304.19-080(3)(a), which he contends violated the KCPA, violated state consumer loan statutes, and unjustly enriched HFC. (Complaint at ¶ 38, 45, 48)

4.      There are three putative classes (Complaint at ¶ 20), including:

a.      Class I, consisting of "[a]ll consumers to whom [HFC] sold a credit-life insurance policy within the last two (2) years of the filing of this Complaint in which the premium for the credit-life insurance exceeds the cap set forth in KRS 304.19-080(3)(a)."

b.      Class II, consisting of "[a]ll consumers to whom [HFC] sold a credit-life insurance policy within the last ten (10) years of the filing of this Complaint in which the premium for the credit-life insurance exceeds the cap set forth in KRS 304.19-080(3)(a)."

c.      Class III, consisting of "[a]ll consumers to whom [HFC] sold a credit-life insurance policy within the last five (5) years of the filing of this Complaint in which the premium for the credit-life insurance exceeds the cap set forth in KRS 304.19-080(3)(a) and who paid [HFC] enough under the underlying loan to at least cover the amount of the credit-life insurance premium."

## REMOVAL PROCEDURES

5.      In accordance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings and orders" received by HFC are attached hereto as "Exhibit A."

6.      Because this Notice of Removal was filed within thirty days of service of the Complaint, it is timely under 28 U.S.C. § 1446(b)(3).

7.      HFC has sought no similar relief with respect to the Complaint.

2

8.      Because this case is removed pursuant to CAFA, the consent of all defendants is not required. *See* 28 U.S.C. § 1453.

9.      The prerequisites for removal under 28 U.S.C. § 1441 have been met.

10.     This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court has original jurisdiction. This Court has original jurisdiction based upon 28 U.S.C. § 1332(d) because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and one defendant (minimal diversity), and the aggregate amount in controversy exceeds $5,000,000.00.

11.     Pursuant to 28 U.S.C. § 1441(a), this case is properly removable to this Court, which is the United States District Court for the district and division embracing Hardin County, Kentucky, where the state court action is pending. *See* 28 U.S.C. § 83(a)(2).

12.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff on this date, and a copy of this Notice of Removal is being filed with the Clerk of the Hardin (Kentucky) Circuit Court.

## CAFA JURISDICTION

13.     Because Congress clearly intended CAFA to expand substantially federal court jurisdiction over class actions, its provisions should be read broadly with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277 (6th Cir. 2016). *See also Hall v. State Farm Mut. Auto. Ins. Co.*, 215 Fed. Appx. 423 (6th Cir. 2007) ("CAFA ... expands federal diversity jurisdiction over class actions by creating an exception to the general requirement

of complete diversity and by allowing class action plaintiffs to aggregate their claims to meet the amount in controversy requirement.")

14.    This Court has subject matter jurisdiction pursuant to CAFA because this is a class action with at least 100 putative class members, there is diversity of citizenship between at least one class member and a defendant, and the aggregate amount in controversy exceeds $5,000,000.00.

*Plaintiff's Action is a Class Action for Purposes of CAFA*

15.    In his Complaint, Plaintiff states that he comes before the Court "individually and as a proposed class action on behalf of all similarly situated Kentucky consumers ... ," and proceeds to describe three proposed classes. (Complaint at ¶ 20) The Complaint further states that Plaintiff "seeks ... damages ... for [himself] and all members of the proposed Classes." (Complaint at ¶ 21)

16.    Moreover, Plaintiff alleges that "the members of the proposed Classes are so numerous that joinder of individual members is impracticable" (Complaint at ¶ 22); that "there are common questions of law and fact applicable to the members of the proposed Classes in this proposed Class Action that relate to and affect the rights of each member of the proposed Classes" (Complaint at ¶ 24-25) and that those issues "predominate over any questions affecting only individual members (Complaint at ¶ 32); that Plaintiff's "claims in this proposed class action are typical of the claims of the proposed Classes as set out *supra*" (Complaint at ¶ 23); that "Plaintiff ... is able to, and will, fairly and adequately protect the interest of each of the proposed Classes" (Complaint at ¶ 27); that "Plaintiff's attorney is experienced and capable in the field of consumer rights, FDPCA and KCPA violations" (Complaint at ¶ 28); and that "the prosecution of separate actions by individual members of

the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest" or "would establish incompatible standards of conduct for" HFC. (Complaint at ¶ 30)

17.     As such, this matter is a "class action" as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B)[1] and 28 U.S.C. § 1453.

*The Number of Alleged Class Members Exceeds 100*

18.     Plaintiff's Complaint states that "[t]he proposed Classes as set out *supra* ... are so numerous that joinder of individual members is impracticable." (Complaint at ¶ 22)

19.     While the Complaint does not allege any specific number of putative class members, it identifies three proposed classes consisting of persons engaged in transactions with HFC during the two, five, and ten years, respectively, prior to the filing of the Complaint.

20.     Well over 100 persons fall within the three Classes proposed by Plaintiff.

21.     Accordingly, the requirements of 28 U.S.C. § 1332(d)(5)(B) are satisfied.

*Diversity of Citizenship Exists*

22.     CAFA requires only minimal diversity for class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

23.     Plaintiff alleges that he and other members of the proposed Classes are citizens of Kentucky. (Complaint at ¶ 3, 20)

---

[1] Section 1332(d)(1)(B) provides: "The term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

24.    HFC is an Illinois corporation with its principal place of business located in South Carolina. Thus, HFC is a citizen of Illinois and South Carolina. *See* 28 U.S.C. § 1332(c)(1).

25.    Because Plaintiff and HFC are citizens of different states, CAFA's requirement of minimal diversity is satisfied.

*The Amount in Controversy Requirement is Satisfied*

26.    Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

27.    As the Supreme Court has held, a removing defendant is not required to provide evidence to support the amount in controversy in its Notice of Removal. Rather, a notice of removal must contain a "short and plain" statement of the grounds for removal, including a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

28.    Based upon Plaintiff's allegations and theories (which HFC disputes, but which controls for removal purposes), as well as the definitions of the proposed Classes, the $5,000,000.00 CAFA amount in controversy requirement is satisfied.

29.    The Complaint alleges that HFC has been overcharging consumers in connection with the sale of credit life insurance policies for ten years, and that the loans are void *ab initio* as a result. (Complaint at ¶ 20) When examining the ten-year exposure period alleged in the Complaint, there are actual damages of more than $5,000,000.00.

30.    Additionally, Plaintiff seeks attorneys' fees for himself and members of proposed Class I, as well as punitive damages for himself and members of proposed Classes

I and III (Complaint at Prayer for Relief (b)). These claimed damages increase the amount in controversy.

31.    Considering the potential for actual damages exceeding $5,000,000.00 and the potential for attorneys' fees and punitive damages, the amount in controversy clearly exceeds the jurisdictional threshold of $5,000.000.00.

32.    Accordingly, the amount in controversy requirement is satisfied.

## CONCLUSION

33.    For the reasons set forth above, HFC respectfully requests that this action be, and is hereby, removed to this Court; that this Court assume jurisdiction of this action; and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

34.    HFC reserves all defenses, including, but not limited to, the right to compel arbitration of any and all claims asserted by Plaintiff or any putative class member.

35.    If any questions arise as to the propriety of the removal of this action, HFC requests the opportunity to submit a brief and present oral argument in support of its position that this case is properly removed.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Jennifer Langen, Esq. (#87690)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
jlangen@adamsattorneys.com

*Attorneys for Defendant, Heights Finance Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the **28th** day of August, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing was served via electronic mail, upon the following:

James H. Lawson, Esq.
Lawson at Law, PLLC
P.O. Box 1286
Shelbyville, KY 40066
james@lawsonatlaw.com

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.